UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  16-21160-CIV-COOKE/TORRES

YOAGNY BERNAL LOPEZ and all others
similarly situated under 29 U.S.C. 216(b) ,

        Plaintiff,
vs.

MIAMI BOOMERS CORP. d/b/a CIBONEY
RESTAURANT  AND  LOUNGE,  ORESTES
PEREZ,
        Defendants.
_____/

## DEFENDANTS MIAMI BOOMERS CORP. AND ORESTES PEREZ'S RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

Defendants Miami Boomers Corp. d/b/a Ciboney Restaurant and Lounge ("Miami Boomers") and Orestes Perez ("Perez") (collectively "Defendants"), in compliance with the Court's Order of Court-Mandated Requirements in FLSA-Based Cases [ECF No. 7], state as follows in response to Plaintiff Yoagny Bernal Lopez's ("Plaintiff") Statement of Claim:

1.    Defendants deny it violated the Fair Labor Standards Act ("FLSA") and deny that Plaintiff is entitled to any relief, including overtime pay, liquidated damages, attorneys' fees, and costs as described in Plaintiff's Statement of Claim.  Rather, Plaintiff was the sous chef at Ciboney Restaurant and Lounge from July 1, 2014 through October 6, 2015 and was properly classified as overtime-exempt, pursuant to the learned professional and executive exemptions described in 29 C.F.R.  §§ 5411.100, 541.301(e)(6).  Moreover, even if there were any relevant workweeks during which Plaintiff was not exempt—which Defendants maintain there were not---Plaintiff was nevertheless paid in compliance with 29 U.S.C. § 207.

2. Plaintiff's Complaint does not allege that Defendants violated the Florida Minimum Wage or Federal Minimum Wage laws and, therefore, Defendants' deny that Plaintiff is entitled to any minimum wage damages.

3. Perez was not Plaintiff's employer during the time period Plaintiff worked as a sous chef at Ciboney Restaurant and Lounge.

4. Even if Plaintiff were to prevail on his claims—which Defendants deny he can or will---he miscalculates the relief that could be available to him in at least two respects:

a. First, Plaintiff is not entitled to liquidated damages because even assuming arguendo that Defendants violated the FLSA, Defendants acts or omissions giving rise to such violations were in good faith and with reasonable grounds for believing such acts or omissions were not in violation of the FLSA. *See* 29 U.S.C. § 260.

b. Second, while Defendants agree that the appropriate measure of back overtime pay—if any—is the half-time method, Plaintiff's calculations of such relief are incorrect and grossly exaggerated, as Plaintiff's work schedule was Monday through Saturday from 11:00 a.m. to 8:00 p.m. and his salary was $800.00 a week. Thus, using the foregoing calculations, the total potential unpaid overtime pay owed to Plaintiff would be $15,840.00.

5. Defendants investigation of Plaintiff's claims is in its early stages and is ongoing. As discovery progresses in this action, Defendants reserve the right to modify and supplement their response, to produce additional documents supporting their defenses, and to assert additional defenses not noted above.

6. Moreover, Defendants will prove during the course of this lawsuit that it has acted in good faith in classifying the sous chef position as exempt such that Plaintiff would not be entitled to recover liquidated damages, even if he were able to prove liability.

Dated this 18th of May, 2016.

                                            Respectfully submitted,

                                            *s/* Suzette L. Russomanno
                                            SUZETTE L. RUSSOMANNO, Esq.
                                            Florida Bar No.  751081
                                            srussomanno@maspons.com
                                            **MASPONS SELLEK JACOBS LLP**
                                            2333 Ponce de Leon Boulevard
                                            BAC Colonnade Office Tower, Suite 314
                                            Coral Gables, Florida 33134
                                            Tel:  (786) 539-1422
                                            Fax:  (305) 441-1119
                                            *Counsel for Miami Boomers Corp. and Orestes Perez*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically using CM/ECF on May 18, 2016 on all counsel or parties of record on the Service List below.

                                            By:  *s/* Suzette L. Russomanno

## SERVICE LIST

**Yoagny Bernal Lopez v. Miami Boomers Corp., et al.**
**CASE NO. 16-21160-CIV-COOKE/TORRES**

J.H. Zidell, Esq.
J.H. Zidell, P.A.
300 71 Street
Suite 605
Miami Beach, Florida 33141
Tel: 305-865-6766
Fax: 305-865-7167
zabogado@aol.com
*Attorney for Plaintiff*

Allyson K. Morgado
J.H. Zidell, P.A.
300 71 Street
Suite 605
Miami Beach, Florida 33141
Tel: 305-865-6766
Fax: 305-865-7167
Amorgado.jhzidell@gmail.com
*Attorney for Plaintiff*

Joshua H. Sheskin
J.H. Zidell, P.A.
300 71 Street
Suite 605
Miami Beach, Florida 33141
Tel: 305-865-6766
Fax: 305-865-7167
Jsheskin.jhzidellpa@gmail.com
*Attorney for Plaintiff*