UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  16-21160-Civ-COOKE/TORRES

YOAGNY BERNAL LOPEZ and all others
similarly situated under 29 U.S.C. 216(b) ,

       Plaintiff,
vs.

MIAMI BOOMERS CORP. d/b/a CIBONEY
RESTAURANT AND LOUNGE, ORESTES
PEREZ,
       Defendants.
_____/

### DEFENDANTS MIAMI BOOMERS CORP. AND ORESTES PEREZ'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Miami Boomers Corp. d/b/a Ciboney Restaurant and Lounge ("Miami Boomers") and Orestes Perez ("Perez") (collectively "Defendants") file their Amended Answer and Affirmative Defenses to Plaintiff Complaint as follows:

1. In response to paragraph 1 of the Complaint, Defendants admit Plaintiff is attempting to establish jurisdiction in this Court pursuant to the statutory provisions cited therein. Nonetheless, Defendants deny any violation or liability to Plaintiff.

2. Defendants are without knowledge as to the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit Orestes Perez is a corporate officer and owner of Miami Boomers Corp.; however, they deny the remainder of the allegations contained in paragraph 4 of the Complaint.

EXHIBIT "A"

5. Defendants admit venue is proper in Miami-Dade County; however, they deny the remainder of the allegations contained in paragraph 5 of the Complaint.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. Defendants admit Plaintiff is attempting to assert a claim for unpaid overtime wages and damages, pursuant to the statutory provisions cited therein. However, Defendants deny the remainder of the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit Plaintiff is attempting to establish jurisdiction pursuant to the cited statutory provisions therein. However, Defendants deny the remainder of the allegations contained in paragraph 7 of the Complaint.

8. Defendants are without knowledge as to the exact wording of 29 U.S.C. § 207(a)(1).

9. Defendants admit Plaintiff worked for Miami Boomers as a sous chef at Ciboney Restaurant and Lounge ("Restaurant") from July 1, 2014 through October 6, 2015; however, they deny the remainder of the allegations contained in paragraph 8 of the Complaint.

10. Defendants admit that Miami Boomers' business activities from July 1, 2004 through October 6, 2015 involved those to which the Fair Labor Standards Act applies; however, Defendants deny the remainder of the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit that that Miami Boomers' employed two or more employees for the relevant time period who handled goods or materials that traveled through interstate commerce; however, Defendants are without knowledge as to whether Miami Boomers' business is an enterprise covered under the Fair Labor Standards Act.

_____
Maspons, Sellek, Jacobs, LLP, 2333 Ponce de Leon Boulevard, Suite 314, Coral Gables, FL 33134
Telephone: 786-539-1422   Facsimile: 305-441-1119   Email: srussomanno@maspons.com

2

12. Defendants deny Miami Boomers had gross sales or business done in excess of $500,000 annually in 2013; however, they are without knowledge as to Miami Boomers' gross sales for 2014 and 2015.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants admit Plaintiff worked for Miami Boomers from July 1, 2014 through October 6, 2015; however, they deny the remainder of the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

17. Plaintiff was properly compensated for all hours worked in excess of forty hours in any workweek because he was paid a salary covering all of his hours worked and because he performed services that were exempt from overtime pay under the learned professional and executive exemptions of the Fair Labor Standards Act. Specifically, Defendants assert Plaintiff was a sous chef with a certificate from Le Cordon Bleu Culinary School, managed at least two or more full-time employees, had the authority to hire or fire other Restaurant employees, and was responsible for managing the Restaurant's inventory. Moreover, his salary was in excess of $455 per week.

### Second Affirmative Defense

18. Defendants assert that any amounts that may be due to Plaintiff are *de minimus*.

---
MASPONS, SELLEK, JACOBS, LLP, 2333 PONCE DE LEON BOULEVARD, SUITE 314, CORAL GABLES, FL 33134
TELEPHONE: 786-539-1422   FACSIMILE: 305-441-1119   EMAIL: SRUSSOMANNO@MASPONS.COM

3

**Third Affirmative Defense**

19. Without assuming any liability, Defendants are entitled to an offset against any amounts due (which are denied), in an amount equal to the amount Defendants paid, or overpaid, the Plaintiff.

**Fourth Affirmative Defense**

20. Defendants assert that Plaintiff's claims are barred by waiver and/or estoppel (collateral or otherwise) in that Plaintiff was paid consistent with his hours worked.

**Fifth Affirmative Defense**

21. Defendants assert that all actions taken by them were performed in good faith and based up on reasonable grounds, wherein Defendants believed the practices to be in full compliance with all applicable laws. Therefore, Plaintiff is not entitled to liquidated damages under the applicable laws.

**Sixth Affirmative Defense**

22. Defendants assert that Plaintiff has failed to state a cause of action for unpaid overtime wages under the Fair Labor Standards Act.

**Seventh Affirmative Defense**

23. Defendants assert that Perez is not an "employer" under the Fair Labor Standards Act and, therefore, is not subject to individual liability.

**Eighth Affirmative Defense**

24. Defendants assert that they do not qualify as an "employer" under the economic reality test. *See Goldberg v. Whitaker House Co-Op, Inc.* 366 U.S. 28 (1961).

### Ninth Affirmative Defense

25. Defendants assert that the alleged time for which Plaintiff seeks compensation is irregular as well as practically and administratively difficult to record.

### Tenth Affirmative Defense

26. Defendants assert that Plaintiff's claims are barred by the unclean hands doctrine.

### Eleventh Affirmative Defense

27. Defendants assert that Plaintiff failed to mitigate his damages.

28. Defendants deny this action can be properly maintained as a Fair Labor Standards Act collective action or that Plaintiff can carry his burden of establishing the requirements to obtain collective action certification, including conditional certification, under 29 U.S.C. § 216(b). Defendants assert that Plaintiff, and the persons whom Plaintiff alleges would comprise a putative class, have received full payment for all worked performed for Defendants.

WHEREFORE, Defendants Miami Boomers Corp. d/b/a Ciboney Restaurant and Lounge and Orestes Perez, having answered the Complaint, pray that judgment be entered in Defendants' favor and that Defendants be awarded attorney's fees and taxable costs, and any further relief that the Court deems just and proper.

Dated this 6th of June, 2016.

Respectfully submitted,

*s/* Suzette L. Russomanno
SUZETTE L. RUSSOMANNO, Esq.
Florida Bar No. 751081
srussomanno@maspons.com
**MASPONS SELLEK JACOBS LLP**
2333 Ponce de Leon Boulevard
BAC Colonnade Office Tower, Suite 314
Coral Gables, Florida 33134
Tel: (786) 539-1422
Fax: (305) 441-1119
*Counsel for Miami Boomers Corp. and Orestes Perez*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically using CM/ECF on _____, 2016 on all counsel or parties of record on the Service List below.

By: *s/* Suzette L. Russomanno

## SERVICE LIST

**Yoagny Bernal Lopez v. Miami Boomers Corp., et al.**
**CASE NO. 16-21160-Civ-COOKE/TORRES**

J.H. Zidell, Esq.
J.H. Zidell, P.A.
300 71 Street
Suite 605
Miami Beach, Florida 33141
Tel: 305-865-6766
Fax: 305-865-7167
zabogado@aol.com
*Attorney for Plaintiff*

Allyson K. Morgado
J.H. Zidell, P.A.
300 71 Street
Suite 605
Miami Beach, Florida 33141
Tel: 305-865-6766
Fax: 305-865-7167
Amorgado.jhzidell@gmail.com
*Attorney for Plaintiff*

Joshua H. Sheskin
J.H. Zidell, P.A.
300 71 Street
Suite 605
Miami Beach, Florida 33141
Tel: 305-865-6766
Fax: 305-865-7167
Jsheskin.jhzidellpa@gmail.com
*Attorney for Plaintiff*