UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-21160-EGT

YOAGNY BERNAL LOPEZ, ERNESTO DELGADO, and all others similarly situated under 29 U.S.C. 216(b),

Plaintiff,

vs.

MIAMI BOOMERS CORP. d/b/a CIBONEY RESTAURANT AND LOUNGE, ORESTES PEREZ,

Defendants.

______________________________________

**FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS AND VIOLATIONS UNDER 26 U.S.C. §7434**

Plaintiffs, YOAGNY BERNAL LOPEZ and ERNESTO DELGADO, on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, MIAMI BOOMERS CORP. d/b/a CIBONEY RESTAURANT AND LOUNGE and ORESTES PEREZ, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant MIAMI BOOMERS CORP. d/b/a CIBONEY RESTAURANT AND LOUNGE is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant ORESTES PEREZ is a corporate officer and/or owner

and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff, YOAGNY BERNAL LOPEZ, worked for Defendants as a sous chef from on or about July 1, 2014 through on or about October 6, 2015.

10. Plaintiff, ERNESTO DELGADO, worked for Defendants as a chef from on or

about February 10, 2014 through on or about January 15, 2016.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, and 2015.

14. Upon information and belief, Defendants and multiple other restaurants in the tri-state area are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between Defendants and multiple other restaurants in the tri-state area are performed through unified operation and/or common control, are being done for a common business purpose and there is cross-utilization of employees during the same work weeks simultaneously benefiting all Companies which are operated by the same company officers for a common business purpose. For purposes of the issue of gross annual income regarding FLSA enterprise coverage, Plaintiffs

intend to stack income as appropriate pursuant to the applicable law.

15. Individual Defendant, ORESTES PEREZ, was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

16. Between the period of on or about July 1, 2014 through on or about October 6, 2015, Plaintiff YOAGNY BERNAL LOPEZ worked an average of 95 hours a week for Defendants and was paid an average of $20.00 per hour but was never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff YOAGNY BERNAL LOPEZ therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.

17. Between the period of on or about February 10, 2014 through on or about January 15, 2016, Plaintiff ERNESTO DELGADO worked an average of 100 hours a week for Defendants and was paid an average of $26.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff ERNESTO DELGADO therefore claims the half time overtime rate for each hour worked above 40 in a week.

18. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

**COUNT II. MISCLASSIFIED EMPLOYEE PURSUANT TO 26 U.S.C. §7434**

19. Plaintiffs reassert and reallege paragraph 1 through 18 above as though fully set

forth below:

20. On or about February 10, 2014, Plaintiff, ERNESTO DELGADO was hired as a chef at the restaurant operated by the Defendants.

21. From February 10, 2014 through January 15, 2016, Plaintiff ERNESTO DELGADO was employed full time and at the direction and control of the Defendant.

22. From February 10, 2014 through January 15, 2016 Defendants improperly classified the Plaintiff ERNESTO DELGADO as an independent contractor, and issued a 1099 for work performed during this period.

23. This improper classification was done so that the Defendants could attempt to avoid complying with Federal and state laws, including, but not limited to, the failure to pay Federal payroll taxes and state unemployment taxes.

24. Defendant is in violation of 26 U.S.C. §7434 and Plaintiff ERNESTO DELGADO is entitled to damages pursuant to §7434(b)(1)-(3)

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.

Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell___________
J.H. Zidell, Esq.
Florida Bar Number: 0010121