UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21160-cv-EGT

YOAGNY BERNAL LOPEZ, ERNESTO
DELGADO, and all others
similarly situated under 29 U.S.C. 216(b) ,

        Plaintiffs,

vs.

MIAMI BOOMERS CORP. d/b/a CIBONEY
RESTAURANT AND LOUNGE, ORESTES
PEREZ,
        Defendants.
_____/

## DEFENDANTS MIAMI BOOMERS CORP. AND ORESTES PEREZ'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Miami Boomers Corp. d/b/a Ciboney Restaurant and Lounge ("Miami Boomers") and Orestes Perez ("Perez") (collectively "Defendants") file their Answer and Affirmative Defenses to Plaintiffs Yoagny Bernal Lopez and Ernesto Delgado's First Amended Complaint as follows:

1.    In response to paragraph 1 of the First Amended Complaint, Defendants admit Plaintiff is attempting to establish jurisdiction in this Court pursuant to the statutory provisions cited therein. Nonetheless, Defendants deny any violation or liability to Plaintiff.

2.    Defendants are without knowledge as to the allegations contained in paragraph 2 of the First Amended Complaint.

3.    Defendants admit the allegations contained in paragraph 3 of the First Amended Complaint.

4. Defendants admit Orestes Perez is a corporate officer and owner of Miami Boomers Corp.; however, they deny the remainder of the allegations contained in paragraph 4 of the First Amended Complaint.

5. Defendants admit venue is proper in Miami-Dade County; however, they deny the remainder of the allegations contained in paragraph 5 of the First Amended Complaint.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. Defendants admit Plaintiffs are attempting to assert a claim for unpaid overtime wages and damages, pursuant to the statutory provisions cited therein. However, Defendants deny the remainder of the allegations contained in paragraph 6 of the First Amended Complaint.

7. Defendants admit Plaintiffs are attempting to establish jurisdiction pursuant to the cited statutory provisions therein. However, Defendants deny the remainder of the allegations contained in paragraph 7 of the First Amended Complaint.

8. Defendants are without knowledge as to the exact wording of 29 U.S.C. § 207(a)(1).

9. Defendants admit Plaintiff Yoagny Bernal Lopez worked for Miami Boomers as a sous chef at Ciboney Restaurant and Lounge ("Restaurant") from July 1, 2014 through October 6, 2015; however, they deny the remainder of the allegations contained in paragraph 8 of the First Amended Complaint.

10. Defendants admit Plaintiff Ernesto Delgado worked for Miami Boomers as an executive chef at the Restaurant commencing July 1, 2014 and ending January 15, 2016; however, Defendants deny the remainder of the allegations contained in paragraph 10 of the First Amended Complaint.

_____
MASPONS, SELLEK, JACOBS, LLP, 2333 PONCE DE LEON BOULEVARD, SUITE 314, CORAL GABLES, FL 33134
TELEPHONE: 786-539-1422   FACSIMILE: 305-441-1119   EMAIL: SRUSSOMANNO@MASPONS.COM

2

11. Defendants admit that Miami Boomers' business activities from July 1, 2014 through October 6, 2015 involved those to which the Fair Labor Standards Act applies; however, Defendants deny the remainder of the allegations contained in paragraph 11 of the First Amended Complaint.

12. Defendants admit that that Miami Boomers' employed two or more employees for the relevant time period who handled goods or materials that traveled through interstate commerce; however, Defendants are without knowledge as to whether Miami Boomers' business is an enterprise covered under the Fair Labor Standards Act.

13. Defendants deny Miami Boomers had gross sales or business done in excess of $500,000 annually in 2013 and 2014; however, they admit Miami Boomers' gross sales for 2015 were in excess of $500,000 annually.

14. Defendants deny the allegations contained in paragraph 14 of the First Amended Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the First Amended Complaint.

16. Defendants admit Plaintiff Yoagny Bernal Lopez worked for Miami Boomers from July 1, 2014 through October 6, 2015; however, they deny the remainder of the allegations contained in paragraph 16 of the First Amended Complaint.

17. Defendants admit Ernesto Delgado worked for Miami Boomers as an executive chef from July 1, 2014 through October 6, 2015; however, they deny the allegations contained in paragraph 17 of the First Amended Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the First Amended Complaint.

## COUNT II. MISCLASSIFIED EMPLOYEE PURSUANT TO 26 U.S.C. § 7434

19.     Defendants reallege their answers to paragraph 1 through 18 above as though fully set forth herein.

20.     Defendants deny the allegations contained in paragraph 20 of the First Amended Complaint.

21.     Defendants admit from July 1, 2014 through January 15, 2016 Plaintiff Ernesto Delgado was employed by Miami Boomers as a full-time Executive Chef at the Restaurant; however, they deny the remainder of the allegations contained in paragraph 21 of the First Amended Complaint.

22.     Defendants admit Miami Boomers issued Plaintiff Ernesto Delgado a 1099 in 2014 and 2015; however, Defendants deny the remainder of the allegations contained in paragraph 22 of the First Amended Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the First Amended Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

25.     Plaintiffs were properly compensated for all hours worked in excess of forty hours in any workweek because they were paid a salary covering all of their hours worked and because they performed services that were exempt from overtime pay under the learned professional and executive exemptions of the Fair Labor Standards Act. Specifically, Defendants assert Plaintiff Yoagny Bernal Lopez was a sous chef with a certificate from Le Cordon Bleu Culinary School

and that Plaintiff Ernesto Delgado was an Executive Chef with a certificate from Le Cordon Bleu Culinary School. In addition, Plaintiffs managed at least two or more full-time employees, had the authority to hire or fire other Restaurant employees, and were responsible for managing the Restaurant's inventory. Plaintiffs' salaries were also in in excess of $455 per week.

### Second Affirmative Defense

26. Defendants assert that any amount that may be due to Plaintiffs is *de minimus*.

### Third Affirmative Defense

27. Without assuming any liability, Defendants are entitled to an offset against any amounts due (which are denied), in an amount equal to the amount Defendants paid, or overpaid, the Plaintiffs.

### Fourth Affirmative Defense

28. Defendants assert that Plaintiffs' claims are barred by waiver and/or estoppel (collateral or otherwise) in that Plaintiffs were paid consistent with their hours worked.

### Fifth Affirmative Defense

29. Defendants assert that all actions taken by them were performed in good faith and based up on reasonable grounds, wherein Defendants believed the practices to be in full compliance with all applicable laws. Therefore, Plaintiffs are not entitled to liquidated damages under the applicable laws.

### Sixth Affirmative Defense

30. Defendants assert that Plaintiffs have failed to state a cause of action for unpaid overtime wages under the Fair Labor Standards Act.

### Seventh Affirmative Defense

31. Defendants assert that Perez is not an "employer" under the Fair Labor Standards Act and, therefore, is not subject to individual liability.

### Eighth Affirmative Defense

32. Defendants assert that they do not qualify as an "employer" under the economic reality test. *See Goldberg v. Whitaker House Co-Op, Inc.* 366 U.S. 28 (1961).

### Ninth Affirmative Defense

33. Defendants assert that the alleged time for which Plaintiffs seek compensation is irregular as well as practically and administratively difficult to record.

### Tenth Affirmative Defense

34. Defendants assert that Plaintiffs' claims are barred by the unclean hands doctrine.

### Eleventh Affirmative Defense

35. Defendants assert that Plaintiffs failed to mitigate their damages.

### Twelfth Affirmative Defense

36. Defendants deny this action can be properly maintained as a Fair Labor Standards Act collective action or that Plaintiffs can carry their burden of establishing the requirements to obtain collective action certification, including conditional certification, under 29 U.S.C. § 216(b). Defendants assert that Plaintiffs, and the persons whom Plaintiffs allege would comprise a putative class, have received full payment for all worked performed for Defendants.

WHEREFORE, Defendants Miami Boomers Corp. d/b/a Ciboney Restaurant and Lounge and Orestes Perez, having answered Plaintfiffs' First Amended Complaint, pray that judgment be entered in Defendants' favor and that Defendants be awarded taxable costs, and any further relief that the Court deems just and proper.

Dated this 9th of August, 2016.

                                                Respectfully submitted,

                                                *s/* Suzette L. Russomanno
                                                SUZETTE L. RUSSOMANNO, Esq.
                                                Florida Bar No. 751081
                                                srussomanno@maspons.com
                                                **MASPONS SELLEK JACOBS LLP**
                                                2333 Ponce de Leon Boulevard
                                                BAC Colonnade Office Tower, Suite 314
                                                Coral Gables, Florida 33134
                                                Tel: (786) 539-1422
                                                Fax: (305) 441-1119
                                                *Counsel for Miami Boomers Corp. and Orestes Perez*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically using CM/ECF on August 9, 2016 on all counsel or parties of record on the Service List below.

                                              By: *s/* Suzette L. Russomanno

## SERVICE LIST

**Yoagny Bernal Lopez v. Miami Boomers Corp., et al.
CASE NO.  16-21160-cv-EGT**

J.H. Zidell, Esq.
J.H. Zidell, P.A.
300 71 Street
Suite 605
Miami Beach, Florida 33141
Tel: 305-865-6766
Fax: 305-865-7167
zabogado@aol.com
*Attorney for Plaintiffs*

Allyson K. Morgado
J.H. Zidell, P.A.
300 71 Street
Suite 605
Miami Beach, Florida 33141
Tel: 305-865-6766
Fax: 305-865-7167
Amorgado.jhzidell@gmail.com
*Attorney for Plaintiffs*

Joshua H. Sheskin
J.H. Zidell, P.A.
300 71 Street
Suite 605
Miami Beach, Florida 33141
Tel: 305-865-6766
Fax: 305-865-7167
Jsheskin.jhzidellpa@gmail.com
*Attorney for Plaintiffs*