UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-21160-CIV-TORRES

CONSENT CASE

YOAGNY BERNAL LOPEZ, and all
others similarly situated under 29 U.S.. 216(b),

    Plaintiff,

vs.

MIAMI BOOMERS CORP., d/b/a CIBONEY
RESTAURANT AND LOUNGE,
and ORESTES PEREZ,

    Defendants.
_____

## ORDER SETTING DISCOVERY PROCEDURES

THIS CAUSE is before the Court *sua sponte*. In order to facilitate the speedy and inexpensive resolution of this action, Fed. R. Civ. P. 1, it is hereby

**ORDERED AND ADJUDGED** that the following discovery procedures will apply in this case as of the date of this Order:

1.    The Court strictly enforces the guidelines on discovery objections set forth below, together with the provisions of the Federal Rules of Civil Procedure addressing discovery matters, Rules 26-37, and S.D. Fla. L.R. 26.1:

### "Vague, Overly Broad and Unduly Burdensome"

Parties shall not make conclusory boilerplate objections. Such objections do not comply with Local Rule 26.1(g)(3)(a) which provides that, "[w]here an objection is made to any interrogatory or

sub-part thereof or to any document request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds." Blanket, unsupported objections that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and disregarded by the Court. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4); *Josephs v. Harris Corp*, 677 F.2d 985, 992 (3d Cir. 1982) ("the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory."). Sworn testimony or evidence may be necessary to show that a particular request is in fact burdensome.

### "Irrelevant Or Not Reasonably Calculated to Lead to Admissible Evidence"

As with the previous objection, an objection that a discovery request is irrelevant or not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence. Parties are reminded that the Federal Rules allow for broad discovery, which does not need to be admissible at trial. *See* Fed. R. Civ. P. 26(b)(1); *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978); *see also* S.D. Fla. L.R. 26.1(g)(3)(A).

### No Formulaic Objections

Parties should avoid reciting a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis of any of the above reasons, and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such a boilerplate objection and answer preserves nothing, and

constitutes only a waste of effort and the resources of both the parties and the court. Further, such practice leaves the requesting party uncertain as to whether the question has actually been fully answered, or only a portion of it has been answered. Civil Discovery Standards, 2004 A.B.A. Sec. Lit. 18; *see also* S.D. Fla. L.R. 26.1(g)(3)(A). Counsel should at least include in the answer a clear statement that all responsive documents identified have in fact been produced, or otherwise describe the category of documents that have been withheld on the basis of the objection.

### Objections Based upon Privilege

Generalized objections asserting attorney-client privilege or work product doctrine also do not comply with local rules. Local Rule 26.1(g)(3)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identifying such things as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other, among others. Parties are instructed to review this Local Rule carefully, and refrain from objections in the form of: "Objection. This information is protected by attorney/client and/or work product privilege."

2. If a bona fide discovery dispute arises notwithstanding these guidelines, the parties must first confer in a good faith effort to resolve the dispute in compliance with Local Rule 7.1(a)(3). Counsel must under this Local Rule certify that good faith efforts were made. An adequate certificate of conference almost always requires at least one, if not more, personal communications between counsel. *Note, especially, that un-responded to emails are not enough to satisfy counsel's obligations under this Rule.* The Court will deem an issue waived if counsel fails to abide by this obligation or fails to certify compliance with the Rule.

3. Discovery disputes must be raised timely as required by Local Rule 26.1(h). The Court also strictly enforces this Local Rule, and interprets the thirty-day window as the opportunity during which good faith resolution efforts must be made. The Court also enforces Local Rule 26.1(f) that requires that all discovery, including resolution of discovery disputes, be fully completed prior to the expiration of the discovery cutoff. The parties are generally free to engage in agreed-upon discovery after the cutoff date; but by virtue of the Local Rule no Court intervention or remedy will be available to either party after the cutoff date.

4. A regular discovery calendar shall be held every Friday, from 1:30 p.m. to 4:30 p.m., at the James Lawrence King Federal Justice Building, 99 NE 4th Street, Tenth Floor, Courtroom 5, Miami, Florida 33132. The party seeking to enforce a discovery obligation or obtain protection from such an obligation should generally utilize the discovery calendar process. The party may, however, file a motion with the Court, after conferring with the opposing side, if the moving party concludes that the discovery dispute would be better and more efficiently resolved through the motion process, or if no agreement is reached for the scheduling of the discovery conference. In those instances, and unless otherwise Ordered, the Court will defer to the moving party's request on a case-by-case basis. In that case, the motion and response should be fully and completed drafted, and any objections being litigated should be supported with appropriate sworn evidence or documentation. Additionally, if a motion for protective order is filed to comply with Rule 26(c), Rule 30(d)(3), or Local Rule 26.1(h)(3), it must be filed as soon as possible and should not be filed only on the eve of the event. Note as well, however, that if a deposition scheduling dispute arises prior to a deposition, a written notice of objection followed by a good faith conference to resolve the dispute will be sufficient to preserve the

issues involved without fear of waiver prior to the Court resolving the dispute at a discovery conference. *See also* S.D. Fla. L.R. 26.1(i). Rule 37, however, continues to apply to such objections; thus if the Court finds that the objections were not substantially justified the failure to comply with a timely served Rule 30 deposition notice shall be sanctioned appropriately.

5. If the moving party seeks, or the parties otherwise agree, to pursue the discovery calendar process. the moving party shall contact the undersigned's Chambers at (305) 523-5750 and place the matter on the next available discovery calendar. The movant shall contact Chambers no later than noon on the Friday preceding the discovery calendar, and shall do so after conferring with opposing counsel and confirming his or her availability for the discovery calendar.

6. On the same day that the matter is placed on the discovery calendar, the movant shall provide notice to all relevant parties by filing a Notice of Hearing and serving a copy on opposing counsel through the Court's electronic docketing system. The Notice of Hearing shall briefly specify the substance of the discovery matter to be heard. Ordinarily, no more than fifteen (15) minutes per side is permitted. The movant shall include in this Notice of Hearing a certificate of good faith that complies with Local Rule 7.1(a)(3).

7. The parties shall provide the undersigned a copy of all source materials relevant to the discovery dispute, via hand-delivery or through a scanned PDF document that is emailed to the CM/ECF mailbox ([torres@flsd.uscourts.gov](torres@flsd.uscourts.gov)), no later than noon on the Monday preceding the discovery calendar. (For example, if the dispute concerns interrogatories, the interrogatories at issue and the response thereto, shall be provided to the undersigned's Chambers.) With respect to issues involving privilege disputes, the party with the burden of persuasion on a privilege claim has the

obligation to present to the Court, no later than the time of the hearing, sworn evidence if necessary to satisfy that burden.  *The failure to present that sworn evidence by the date of the hearing may be deemed by the Court a waiver of the privilege absent a showing of good cause.*

8. To reiterate, the Court expects all parties to engage in reasonable compromise to facilitate the resolution of their discovery disputes.  The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is being withheld in bad faith or without substantial justification.  *See* Fed. R. Civ. P. 37.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of September, 2016.

　　　　　　　　　　　　　　　　　　　　　 */s/ Edwin G. Torres*
　　　　　　　　　　　　　　　　　　　　　**EDWIN G. TORRES**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**